UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew D. Tappin, | No. 2:22-cv-00322-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| TForce Freight, Inc., | |
| Defendant. | |

This putative wage and hour class action is before the court on defendant TForce Freight Inc.'s motion to dismiss, ECF No. 9, and motion to stay pursuant to the first-to-file rule, ECF No. 17. Plaintiff Andrew Tappin opposes both motions and requests the court transfer the case to the Northern District if the court finds the first-to-file rule applies. *See generally* Opp'n to MTD, ECF No. 16; Opp'n to Stay, ECF No. 19. The matter is fully briefed. Reply ISO MTD, ECF No. 20; Reply ISO Stay, ECF No. 22. The parties have also submitted a joint status report, ECF No. 21. The court heard arguments on the motions on July 29, 2022, with Gregory Mauro appearing for plaintiff and Brian Berry appearing for defendant. ECF No. 26.

For the reasons below, the court finds the first-to-file rule applies and, accordingly, **transfers this case** to the Northern District.

1      **I.      BACKGROUND**

2              Plaintiff filed this putative wage and hour class action in Sacramento County Superior

3      Court in November 2021.  *See generally* Not. Removal Ex. A, Compl., ECF No. 1-1.  Plaintiff

4      alleged unfair business practices and five violations of the California Labor Code: (1) failure to

5      provide meal period premiums in violation of sections 226.7 and 512(a); (2) failure to provide

6      rest period premiums in violation of California's Industrial Welfare Commission wage orders and

7      section 226.7; (3) failure to timely pay wages upon termination in violation of sections 201 to

8      203; (4) failure to provide complete itemized wage statements in violation of section 226(a); and

9      (5) failure to reimburse business expenses in violation of sections 2802 and 2804.  Compl. ¶¶ 47–

10     76.  Plaintiff brought the action on behalf of all persons employed by defendant as non-exempt

11     employees in California within four years from filing of the complaint.  Compl. ¶ 10.  Defendant

12     timely removed, invoking jurisdiction under the Class Action Fairness Act (CAFA).  Not.

13     Removal, ECF No. 1.  In January 2022, plaintiff filed a representative PAGA action in

14     Sacramento County Superior Court.  RJN ISO Mot. to Stay, Ex. M, Tappin PAGA Action

15     Compl., Case No. 34-2022-00314820, ECF No. 18.[1]  The claims in the PAGA action largely

16     mirror those in plaintiff's first complaint, except that the PAGA case seeks civil penalties.  *Id.*

17             Plaintiff's action is the third putative wage and hour class action filed against defendant,

18     following *Donyeisha Mish v. UPS Ground Freight, Inc.*, No. 21-4094 (N.D. Cal May 28, 2021)

19     (*Mish*)[2] and *Victor Gonzalez v. TForce Freight, Inc.*, No. 22-1177 (C.D. Cal Jan. 1, 2022)

20     (*Gonzalez*), both of which were filed in state court before plaintiff's case and later removed.  *See*

---

[1] Defendant has filed two requests for judicial notice, the first in support of its motion to stay, *see* ECF No. 18, and the second in support of its reply in support of its motion to stay, *see* ECF No. 23.  Defendant requests the court take notice of numerous relevant court filings.  A "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  Accordingly, the court **grants** both of defendant's requests for judicial notice.

[2] In 2021, TForce International Inc. acquired UPS Ground Freight, Inc. and has changed the entity's name to TForce Freight, Inc. Mot. to Stay at 5.  As a result, the defendant in *Mish* is TForce Freight.

1   *generally* Not. of Related Cases, ECF No. 8.  All three actions include overlapping claims and

2   seek to represent all non-exempt workers employed by defendant in California.  *Id.* at 3 (citing

3   complaints).[3]  In February 2022, the parties in *Mish* and *Gonzalez* agreed to transfer the *Gonzalez*

4   action from the Central District of California to the Northern District, based on the first-to-file

5   rule.  RJN ISO Mot. to Stay, Ex. D, ECF No. 18.  A month later, the parties in the present case

6   stipulated to stay the action until 45 days after a scheduled mediation in the *Mish* class action

7   because a stay "may eliminate or limit the need to litigate the motions that Defendant is prepared

8   to file."  Joint Stip. to Stay, ECF No. 7.  This court granted the stipulation and stayed the case.

9   Prev. Order (April 1, 2022), ECF No. 13.

10      In late May 2022, a judge in the Northern District issued an order relating the *Mish* and

11   *Gonzalez* cases and directed the plaintiffs in both actions to file an amended, consolidated

12   complaint.  RJN ISO Mot. to Stay, Ex. H, ECF No. 18.  The consolidated complaint includes the

13   same six claims as plaintiff's complaint here, plus claims for recovery of unpaid minimum wages

14   and overtime.  *See Mish v. UPS Ground Freight Inc.,* No. 21-4094, Consolidated Class Action

15   Compl. (ECF No. 49 in that case).

16      As noted, defendant now moves to dismiss, or in the alternative, stay this action based on

17   the first to file rule.  *See generally* MTD, Mot. to Stay.  Plaintiff argues that if the first-to-file rule

18   applies, the court should transfer this case to the Northern District of California rather than stay it

19   because a stay would cause prejudice.  Opp'n to Stay at 10.

20   **II.      DISCUSSION**

21         **A.      First-to-File**

22      The first-to-file rule is triggered when two or more related actions are pending in different

23   courts.  The rule is a "recognized doctrine of federal comity which permits a district court to

24   decline jurisdiction over an action when a complaint involving the same parties and issues has

25   already been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94-95

26   (9th Cir. 1982) (citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749

---

[3] The court cites to page numbers applied by the court's CM/ECF system, located at the top of each page.

1    (9th Cir. 1989)).  A subsequent court may dismiss a complaint or claim that is duplicative,

2    transfer all or part of the case to the first-filed district, or stay all or part of the case pending a

3    decision in the prior-related action.  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d

4    1237, 1239-40 (9th Cir. 2015); *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir.

5    1997) (citations omitted).

6            Three threshold factors determine if the rule applies: "chronology of the lawsuits,

7    similarity of the parties, and similarity of the issues." *Kohn*, 787 F.3d at 1240.  As effective here,

8    the rule applies to support defendant's motion only if the instant action was filed later than the

9    other two, now consolidated actions in the Northern District and the parties and issues in the two

10   current suits are substantially similar.  The court has discretion in applying the rule to best

11   promote "judicial economy, consistency, and comity," *id*, or depart from it "for reasons of

12   equity," *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic

13   aspect of the first-to-file rule is that it is discretionary.").

14                    **1.    Chronology**

15           In this case, plaintiff agrees the *Mish* and *Gonzalez* lawsuits were filed prior to this case,

16   and thus the chronology requirement is satisfied.  Opp'n to Stay at 19.

17                    **2.    Similarity of Parties**

18           Similarity of parties requires all parties in a subsequent action to be "substantially similar"

19   to the parties in a prior action.  *Kohn*, 787 F.3d at 1240.  But "exact identity" is not required.  *Id.*

20   "The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of

21   whether there are additional, unmatched parties in one or both matters." *Intersearch Worldwide,*

22   *Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (citation omitted).

23   In class action cases, district courts have required that the classes "represent at least some of the

24   same individuals." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal.

25   2010); *see also Weinstein v. Metlife Inc.*, No. 06-04444, 2006 WL 3201045, at *4 (N.D. Cal. Nov.

26   6, 2006) ("In a class action, the classes, and not the class representatives, are compared."); *Bolden*

27   *v. Barilla Am.*, No. 19-472, 2019 WL 1883909, at *2 (C.D. Cal. Mar. 28, 2019) (deeming as an

4

1    "outlier" a district court case holding the first to file rule inapplicable because both class actions

2    involved different named plaintiffs).

3          Here, TForce Freight is the same defendant in all three actions.  Plaintiff argues that

4    because the named plaintiffs in all three actions are different and had different job titles and roles,

5    the parties are dissimilar.  Opp'n to Stay at 7.  However, plaintiffs in all three actions seek to

6    represent all non-exempt employees, not distinct categories of workers.  The different roles held

7    by the named plaintiffs in *Mish* and *Gonzalez* did not preclude the court from consolidating the

8    cases.  This factor also favors staying or transferring the matter.

9                    **3.      Similarity of Issues**

10   As with the parties, the "issues in both cases" need not be identical but must be "only substantially

11   similar," determined primarily by whether there is "substantial overlap."  *Kohn*,

12   787 F.3d at 1240–41 (citation and quotations omitted).  Put differently, if the question to resolve in

13   the second matter is at the "heart" of the first matter then the rule applies; but if "the two actions

14   are distinct" the rule does not apply and the subsequent suit may proceed.  *Cedars-Sinai Med. Ctr.*,

15   125 F.3d at 769.  Whether issues are similar enough is a fact-specific determination, to which

16   shared defenses and legal questions are relevant.  *See, e.g., Kohn*, 787 F.3d at 1241; *MSP Recovery*

17   *Claims, Series LLC v. Mallinckrodt ARD Inc.*, No. 17-7928, 2018 WL 2589014, at *2 (C.D. Cal.

18   Jan. 17, 2018); *Campbell v. Annie's Homegrown, Inc.*, No. 17-1736, 2017 WL 6406703, at *4

19   (S.D. Cal. Dec. 15, 2017).  If both actions rely on "common factual issues," this factor can be

20   satisfied despite having distinct parties, governing laws and claimed damages.  *Adoma*, 711 F.

21   Supp. 2d at 1149.

22         Here, both suits involve overlapping or identical claims and also involve the same or

23   similar legal standards, questions, facts, discovery and defenses.  Specifically, both actions assert

24   identical violations of California's unfair competition law, invoking California Business &

25   Professions Code section 17200, along with at least five of the same violations of the Labor Code.

26   *Compare* Compl. ¶¶ 47–76 *with Mish v. UPS Ground Freight Inc.,* Case No. 3:21-cv-04094-

27   EMC, Consolidated Class Action Compl. ¶¶ 74–96.  The distinguishing feature of the

28   consolidated action is that it includes two additional claims, meaning all of plaintiff's claims will

5

1    be addressed in the consolidated action.  *See Kohn*, 787 F.3d at 1241 (finding substantial

2    similarity when subsequent case involved issues to be determined in first case).  While defendant

3    asserts plaintiff's complaint includes claims for unpaid minimum wage and overtime, Reply at 7–

4    8, the court need not resolve this question to find the issues are substantially similar.

5           The complaints also share "common factual issues," *Adoma*, 711 F. Supp. 2d at 1149,

6    including factual allegations regarding many of the same policies and practices that plaintiffs

7    allege led to the violations.  Plaintiff here notes there are "nuanced differences" between his

8    action and the consolidated action, most notably the specific alleged violations giving rise to the

9    overlapping claims.  Opp'n to Stay at 8.  For example, plaintiff's unreimbursed business expense

10   claim is based on defendant's alleged failure to reimburse him for mileage expended traveling to

11   jobsites during work hours, while the *Gonzalez* action alleges defendant did not reimburse

12   employees for personal cell phone use.  *Id.* at 7–8.  But the test is "substantial similarity," not

13   exact replication.  *Kohn*, 787 F.3d at 1240; *Adoma*, 711 F. Supp. 2d at 1149.  This factor is

14   satisfied.[4]

15          Because the first to file rule applies, the court "has discretion to transfer . . . in the interest

16   of efficiency and judicial economy," and finds transfer appropriate here.  *Cedars-Sinai Med. Ctr.*,

17   125 F.3d at 769

18          **B.      Motion to Dismiss**

19          Defendant also requests the complaint be dismissed for failure to state a claim. *See*

20   *generally* MTD.  Because the court is transferring all claims under the first-to-file rule, this

21   motion is moot.

22   **III.    CONCLUSION**

23          For the reasons discussed above, the court finds the first to file rule applies and **transfers**

24   **this case to the Northern District**.

25   /////

---

[4] At the hearing on the motions, plaintiffs' counsel argued that the pending motion to dismiss the consolidated action in the Northern District weighed against staying this case.  The court has reviewed the motion and finds it does not impact the court's analysis, regardless of the outcome.

1      This order resolves ECF Nos. 9, 17, 18, and 23, and **closes** the case.

2    IT IS SO ORDERED.

3    DATED:  August 18, 2022.

CHIEF UNITED STATES DISTRICT JUDGE